UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CANDACE BERRY                                                    Plaintiff

v.                                              Civil Action No. 3:25-cv-753-RGJ

REYNOLDS MANUFACTURING, INC.,                                   Defendants
et al.

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Candace Berry ("Berry") moves to remand this action. [DE 8]. Defendant

Reynolds Manufacturing, Inc. ("Reynolds") responded [DE 11]. This matter is ripe. For the

reasons below, Berry's Motion to Remand [DE 8] is **GRANTED**.

## I.    BACKGROUND

On October 21, 2025, Berry filed suit in Jefferson Circuit Court, bringing claims for

disability discrimination and unlawful retaliation under the Kentucky Civil Rights Act ("KCRA"),

KRS 344.010 *et seq*. [*See generally* DE 1-1 at 9–14 (the "Complaint")]. The Complaint alleges

unlawful retaliation against both Reynolds and Defendant Laretta Boston ("Boston"), Berry's

supervisor at Reynolds. [*Id.* at 12]. On November 26, 2025, Defendants removed the action to this

Court, on the basis that "this Court has original diversity jurisdiction over this matter under 28

U.S.C. § 1332." [DE 1 at 1]. Berry now moves to remand the case to Jefferson Circuit Court,

arguing that Berry and Boston are both residents of Kentucky. [DE 8; DE 1-1 at 10].

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it

could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court

must remand a removed case if it appears that the district court lacks subject matter jurisdiction."

1

*Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing the Court's jurisdiction rests with the party seeking to invoke it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

However, "[a] party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). "'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" *Id.* (quoting *Saginaw Hous. Comm'n*, 576 F.3d at 624)). The question "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

The standard to determine whether the cause of action is colorable is more lenient than the Rule 12(b)(6) motion to dismiss standard. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Hix v. Affiliated Comput. Svcs. Inc.*, No. 5:08–521, 2009 WL 2240548, at *2 (E.D. Ky. July 27, 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). A court "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties . . . for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias*, 695 F.3d at 433 (quoting *Walker*, 443 F. App'x at 952–56). However,

a court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Alexander*, 13 F.3d at 949).

Here, there is no dispute that Boston is a resident of Kentucky, the proper joinder of whom would defeat diversity jurisdiction. Rather, Reynolds asserts that "Boston was fraudulently joined because the Complaint does not plead a colorable cause of action against her" and thus "the Court may . . . ignore her citizenship for purposes of its diversity analysis." [DE 11 (quoting *Higgs v. Golden Gate Nat'l Senior Care, LLC, et al.*, No. 3:17-cv-00192-CRS, 2017 WL 3485048, at *3 (W.D. Ky. Aug. 14, 2017))]. Berry's sole claim against Boston is for "unlawful retaliation." [DE 1-1 at 12]. Accordingly, the Court must determine whether Berry has a colorable retaliation claim against Boston under KRS 344.280.

A prima facie case of retaliation has three elements: (1) that the plaintiff engaged in a protected activity; (2) that the plaintiff was disadvantaged by an act of her employer; and (3) that there was a causal connection between the activity engaged in and the employer's act. *McBrearty v. Ky. Comty. & Tech. Coll. Sys.*, 262 S.W.3d 205, 212 (Ky. Ct. App. 2008). Notably, courts have held that not only employers, but individuals like Boston, can be held liable for retaliation under KCRA. *See Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 793-94 (6th Cir. 2000); *Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790, 808 (Ky. 2004). Berry alleges in the Complaint that she "reported what she reasonably believed to be unlawful disability discrimination and the denial of reasonable accommodations to Human Resources," including Boston, and that shortly thereafter Reynolds and Boston retaliated against her. [DE 1-1 at 11]. According to Berry, "Boston actively participated in the retaliatory process, engaging in discussions with upper management, recommending [Berry's] termination, and directly

3

influencing the decision to end [Berry's] employment in reprisal for her protected complaints." [*Id.*]. These alleged facts are enough to state a colorable claim for retaliation.

Nevertheless, Reynolds argues that any retaliation claim against Boston is foreclosed by the intra-corporate conspiracy doctrine. [DE 11 at 82–83]. Under Kentucky law, the intra-corporate conspiracy doctrine states that "a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire with its employees, when acting within the scope of their employment, cannot conspire amongst themselves." *Cowing v. Commare*, 499 S.W.3d 291, 294 (Ky. App. 2016). This is because "a corporation can only act through its agents[,]" and a conspiracy involves "two or more persons[.]" *Id.* (citation modified).

Reynolds' argument is premised on its conclusion that KRS 344.280 "does not prohibit retaliation" but rather "prohibits a person from *conspiring* to retaliate." [DE 11 at 83 (emphasis in original)]. And because "[a] conspiracy requires at least two people," Reynolds claims that the intra-corporate conspiracy doctrine bars Berry's claim against Boston for violation of KRS 344.280. [*Id.* at 83–84].

Because Reynolds' argument presents a matter of statutory interpretation, the Court begins with the text. KRS 344.280 states, in relevant part:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter[.]

KRS 344.280. Reynolds asserts that the plain language of the statute prohibits conspiracy, not the act of retaliation itself. But another equally reasonably interpretation of the statute is that the statute

makes it unlawful for "a person . . . [t]o retaliate" as well as "for two (2) or more persons to conspire . . . [t]o retaliate." KRS 344.280. There is no need for this Court to speculate as to the correct interpretation because the Sixth Circuit has already held that "§ 344.280 forbids retaliation by 'a person.'" *Morris*, 201 F.3d at 794 (holding "[t]he Kentucky retaliation statute plainly permits the imposition of liability on individuals" and reversing the grant of summary judgment on the plaintiff's state law retaliation claims against a single defendant).

Regardless, Reynolds' interpretation fails at this stage because the Court must resolve all "ambiguities in the controlling . . . state law in favor of the non-removing party." *Coyne*, 183 F.3d at 493. Suffice it to say, the caselaw is unsettled on whether KRS 344.280 applies only to conspiracies, as Reynolds advances. Indeed, several courts applying Kentucky law have reached the opposite conclusion. *See Cobble v. Yamamoto FB Eng'g, Inc.*, No. 3:16-cv-566-DJH, 2017 WL 88992, at *3 (W.D. Ky. Jan. 9, 2017) (finding retaliation claims are different from "aiding and abetting" and "conspiracy" claims and were not barred by the intra-corporate conspiracy doctrine); *accord Myers v. Red Classic Transit, LLC*, No. 5:19-cv-311-JMH, 2019 WL 6119213, at *7 (E.D. Ky. Nov. 18, 2019).

Moreover, this case is readily distinguishable from the cases relied on by Reynolds. In *Cowing v. Commare*, for instance, the plaintiff alleged that Commare, a managing agent for the plaintiff's employer, aided and abetted his employer in its discriminatory employment practices. 499 S.W.3d 291, at 292–95 (Ky. Ct. App. 2016). The Kentucky Court of Appeals held that the intra-corporate conspiracy doctrine applied, and thus barred, the aiding-and-abetting claim against Commare. *Id.* at 295. However, the court expressly limited its opinion to instances "where the claim is based upon the allegation that [an employee] aided and abetted [the employer's] allegedly discriminatory conduct." *Cowing*, 499 S.W.3d at 295. Indeed, in *Cowing* the court noted that

"Cowing has not argued or alleged that Commare was acting outside his capacity as Lockheed Martin's agent at any time or that Commare's alleged conduct was motivated by his own personal interest independent of the corporate entity's goals." *Id. Cf. McGee v. Cont'l Mills, Inc.*, No. 5:09-cv-00155, 2009 WL 4825010, at \*2 (W.D. Ky. Dec. 11, 2009) (observing the plaintiff "d[id] not argue or allege that they were acting outside of an agency capacity at any relevant time"); *Dunn v. Gordon Food Servs., Inc.*, No. 3:10-CV-00335-R, 2010 WL 4180503, at \*1 (W.D. Ky. Oct. 20, 2010) (finding doctrine barred claim where the plaintiff alleged the individual employee "conspired with [the employer]" to violate KRS 344 *et seq.*").

In contrast, Berry's claim for unlawful retaliation against Boston arises not only from allegations that Boston aided and abetted Reynolds but also from Boston's own alleged discriminatory conduct. Berry has alleged that Boston "act[ed] individually and not merely as an agent of her employer," including by "subjecting her to heightened scrutiny [and] creating a hostile work environment."  [DE 1-1 at 12–13]. As for Berry's allegations that Boston took part in the decision to terminate her, it may be that KRS 344.280 does not "impose aiding-and-abetting liability upon corporations and their employees for routine, collaborative business decisions that are later challenged as [retaliatory]." *Cowing*, 499 S.W.3d at 295. Thus, it is possible that Berry's retaliation claims are "ultimately . . . dismissed for failure to state a claim upon which relief may be granted." *Hix*, 2009 WL 2240548, at \*2. Nevertheless, it is also possible that Berry's claims will survive based on the allegations of Boston's individual retaliation. It follows then that Berry states a colorable claim against Boston. Accordingly, the Court concludes that Boston was not fraudulently joined.

### III.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised**, IT IS ORDERED** that the Berry's Motion to Remand [DE 8] is **GRANTED**. The case is **REMANDED** to Jefferson Circuit Court in accordance with 28 U.S.C. § 1447(c) and is **STRICKEN** from this Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

July 6, 2026